IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FERNANDO SMITH,
    Plaintiff,

V.                                                                      Civil Action No.: 2:07-cv-00034

THE VANGUARD GROUP,
    Defendant.

## ORDER/OPINION

### Procedural History

This is an action initiated by Plaintiff in the Circuit Court of Mineral County, West Virginia and removed to this Court pursuant to 28 USC 1332, 1441 and 1442 respectively.

Plaintiff alleges that he "was indicted by the Circuit Court of Mineral County, West Virginia for unlawfully obtaining money, property and services by false pretenses by disposing of property to defraud creditors, a felony" and "was arrested, finger printed, processed, detained and incarcerated on April 7, 2006 to April 15, 2006" because Defendant failed to honor two checks written in January 2006 to Max White and drawn on Plaintiff's Prime Money Market Fund account. Plaintiff alleges the actions of Defendant constituted the wrongful dishonor of a depositor's check and a breach of an implied covenant of good faith and fair dealing entitling him to a judgment for damages in the sum of $300,000.00 plus interest and attorney's fees. (Docket Entry 1).

Defendant, The Vangard Group, Inc., denies liability asserting various affirmative defenses.

A Scheduling Order was entered by the Court on September 28, 2007 setting close of discovery for January 31, 2008. (Docket Entry 20).

On October 15, 2007 Defendant filed its First Set of Interrogatories and First Set of Requests for Production of Documents directed to Plaintiff. (Docket Entries 22 and 23).

On December 17, 2007 Defendant filed its Motion To Compel Discovery Responses From

Plaintiff. (Docket Entry 31) asserting therein that, after Plaintiff failed to respond to the October 15, 2007 discovery requests by the due date of November 19, 2007, Defendant wrote Plaintiff's counsel on December 3, 2007 requesting complete responses which letter was allegedly not responded to and again wrote Plaintiff's counsel on December 12, 2007 advising that if the discovery was not responded to by December 13, 2007, Defendant would file a motion to compel which letter was also allegedly not responded to by Plaintiff's counsel. Defendant's letters to Plaintiff's counsel were mailed and facsimile transmitted.

On December 21, 2007 Plaintiff filed certificates of service certifying that Plaintiff's Answers to Defendant's First Set of Interrogatories and Plaintiff's Responses to Defendant's Request For Production of Documents were each served on counsel for Defendant on that date. (Docket Entries 32 and 34).

On January 7, 2008, District Judge Robert E. Maxwell referred the pending matter to the undersigned Magistrate Judge in accord with 28 USC §§ 636(b)(1)(A) and (B) and LRCivP 7.02. (Docket Entry 34).

On January 15, 2008 the Court, not having heard from either counsel that the motion to compel had been rendered moot by the filing of the certificates of service and Plaintiff not having timely responded to the motion to compel and the matter remaining on the Court's docket of active and pending motions, entered an Order scheduling a telephonic hearing on Defendant's Motion to Compel for January 18, 2008.

On January 17, 2008 Defendant filed a "Notice of Withdrawal of Motion to Compel Discovery Responses From Plaintiff" [Docket Entry 37] asserting therein that: Plaintiff responded to Defendant's Discovery Requests since the filing of the motion to compel; Plaintiff's "responses are not sufficient;" "Vanguard is hopeful that the parties will be able to resolve any issues regarding

those responses;"and, if they are unable to resolve the issues, "Vanguard reserves the right to again seek further Court intervention."

## Discussion

The Court's scheduling order entered September 27, 2007 stands unaltered. To grant the request of Defendant to withdraw the motion to compel and include therein leave to seek further Court intervention when Defendant states that the discovery responses served by Plaintiff are not sufficient is tantamount to the Court providing for a waiver of its own order requiring discovery to be completed by January 31, 2008. The motion to compel was filed and, based on the representations of Defendant, the issues raised by the motion are not completely resolved. Time still remains within the Court's ordered close of discovery for the parties to resolve any remaining issues arising from the discovery that has been timely filed.

## Decision / Order

Accordingly, the Court **DENIES** Defendant's notice of conditional withdrawal of its motion; **CONTINUES** the hearing scheduled for January 18, 2008; and **RESCHEDULES** the hearing for January 31, 2007 at 9:00 am at the Elkins, West Virginia point of holding Court. The parties may advise the Court by a joint conference call that "all issues arising from Defendant's already filed Discovery Requests have been completely resolved" if such resolution is made before the date of the hearing and the Court will cancel the hearing and enter an appropriate order. In the event the parties are unable to completely resolve all the issues arising from Defendant's already filed Discovery Requests, the hearing will proceed as scheduled with counsel for all parties in attendance. Defendant's Motion to Compel [Docket Entry 31] shall remain pending as an active unresolved motion.

It is so **ORDERED.**

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: January 17, 2008.

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**